UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:22-cv-22482-KMM

JAWS PODIATRY, INC., et al.

    Plaintiffs,

v.

CESAR MANUEL GARCIA NAVAS,
a/k/a CESAR GARCIA, et al.

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court on Plaintiffs JAWS Podiatry, Inc. and Dr. Abraham Wagner's Motion to Enforce Injunction, for Contempt, and for Sanctions ("Motion") (ECF No. 42). This matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or issue a Report and Recommendation. (ECF No. 44). Defendants filed a response in opposition (ECF No. 54); no reply was filed. Having reviewed the Motion, Response, the record, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that Plaintiffs' Motion be **DENIED**.

    **I.**    **BACKGROUND**

Plaintiffs initiated this action alleging that Defendants misappropriated intellectual property belonging to Plaintiffs. Plaintiffs sought, and the district court granted, an *ex parte* Temporary Restraining Order ("TRO") against Defendants, precluding them from continuing their

"infringing and deceptive" practices and restraining the transfer of Defendants' assets. The District Court entered the TRO against Defendants on August 18, 2022 (ECF No. 13).

The District Court further extended the TRO on September 1, 2022, pending a hearing on September 7, 2022. Following the September 7, 2022 hearing on Defendants' Motion to Dissolve the TRO (ECF No. 16) and Plaintiffs' Corrected Motion for Entry of Preliminary Injunction (ECF No. 9), the Parties indicated that much of the relief sought by Plaintiffs could be accomplished amicably. In response, the District Court afforded the parties time to negotiate an injunction order. The Parties subsequently agreed to the terms of a Stipulated Preliminary Injunction, the language of which was approved by the Court and entered via the Order Entering Preliminary Injunction on September 24, 2022. (ECF No. 34). Plaintiffs now bring this Motion alleging that Defendants should be held in civil contempt for violating the terms of the Injunction, and seeking the imposition of sanctions.

## II.   LEGAL STANDARD

Civil contempt is the penalty for disobeying an injunction. *Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000). A district court's power to find a party in civil contempt for disobeying court orders stems from its inherent power to enforce compliance with its lawful orders. *Citronelle-Mobile Gaterhin, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). "A finding of civil contempt–willful disregard of the authority of the court–must be supported by clear and convincing evidence." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002).

Civil contempt is appropriate upon a finding that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Riccard*, 307 F.3d at 1296. "Once a prima facie showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend

his failure on the grounds that he was unable to comply." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). However, a party can only demonstrate an inability to comply "by showing that they have made 'in good faith all reasonable efforts to comply.'" *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (quoting *United States v. Ryan*, 402 U.S. 530, 534 (1971)). In short, the absence of willfulness is not a defense to a charge of civil contempt, *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)), nor does subsequent compliance cure the violation. *Sizzler Family Steak House v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1534 n.5 (11th Cir. 1986). An evidentiary hearing is not required if there are no disputed factual matters. *See National Union Fire Ins. Co. v. Olympia Holding Corp.*, 140 Fed. App'x 860, 864 (11th Cir. 2005) (holding that court did not abuse its discretion by failing to conduct an evidentiary hearing and finding the defendants in civil contempt).

### III.   DISCUSSION

Plaintiffs' Motion broadly alleges that Defendants should be held in civil contempt for skirting obligations enumerated in the Injunction, in addition to destroying, concealing, and altering evidence that the Injunction is predicated upon. (ECF No. 42 at 2). Plaintiffs list allegations of Defendants' conduct in violation of the Injunction. In response, Defendants aver that Plaintiffs' allegations are without merit and, even if sanctions were warranted, the sanctions imposed should be narrower than what Plaintiffs seek.

A hearing was set on the Motion but cancelled upon Plaintiffs' Motion to Continue Hearing (ECF No. 58), which represented that Jennifer Gordon, co-counsel for Plaintiffs, was not planning to attend the hearing. Because Gordon was the only witness who provided testimony to support Plaintiffs' Motion and Plaintiffs were not planning to present her, the Court determined there was

no need for a hearing. Accordingly, and based on the evidence advanced in support of the Motion, each of Plaintiffs' allegations are addressed in turn below.

First, Plaintiffs allege that Defendants deleted emails and emptied folders before turning over certain email accounts to Plaintiffs, specifically surgeryflorida1@gmail.com and jawspodiatrycenter@gmail.com. Plaintiffs attest through a sworn statement of Jennifer Gordon that upon inspection of two of the email accounts, Plaintiffs found that Defendants deleted at least one year's worth of emails (January 8, 2021 through December 6, 2021) from the email accounts, as well as all of the emails in the "trash", "spam" and "sent" email folders from both of the email accounts. (ECF No. 42 at 3). Plaintiffs allege that the erasure of emails from the trash, spam, and sent folders evidenced an attempt to prohibit Plaintiffs from accessing the allegedly erased emails.

In response, Defendants presented evidence to show that the email accounts are used only to link social media accounts and automated marketing platforms, which *appear* to send emails on behalf of the email account user, but actually send the emails through the marketing platform itself. *See* (ECF No. 54-2). Plaintiffs' allegations are premised on the absence of emails in the subject folders and the expectation that unless deleted, emails would otherwise be in the folders. Plaintiffs' allegations are too speculative and not supported with evidence to show that there were emails in the relevant folders within the two email accounts prior to the alleged deletions. Attorney Gordon's Declaration on its own is not sufficient to show by clear and convincing evidence that Defendants deliberately deleted emails and emptied folders for the email accounts. Moreover, Defendants' evidence that no emails had been sent from these accounts or stored in the subject folders is unrebutted. Accordingly, the Court finds that Plaintiffs fail to show that Defendants violated the Injunction on this issue.

Second, Plaintiffs allege that Defendants attempted to remotely access the two email accounts in Orlando immediately after providing Plaintiffs with the information to access the accounts. In support, Plaintiffs claim that a notification was sent to Plaintiffs after Defendants tendered the login information for the two email accounts to Plaintiffs, which indicated that an "unknown party located in Orlando was trying to access the accounts at the same time." (ECF No. 42 at 3). This allegation lacks a sufficient evidentiary basis. Defendants attest through the sworn statements of Abiel Delgado, Cesar Navas, Alain Delgado, Leticia Delgado, Daryl Delgado, and Diony Delgado that none of the "A&D Parties" were in Orlando at the time in which the unknown party attempted to access the email accounts, and Plaintiffs offer no evidence to show that Defendants are responsible for the unknown attempt to access the accounts.[1] Defendants further attest that they also did not instruct any other individual in Orlando to try and access the email accounts.

Plaintiffs' allegation attempts to draw a connection between Defendants and evidence of an unknown party attempting to access the email accounts. To the extent there is any possible connection between the attempt to access the accounts and Defendants, Plaintiffs' argument fails to demonstrate, by clear and convincing evidence, that Defendants were actually responsible for the alleged acts. Accordingly, the Court does not find that Defendants violated the Injunction on this issue.

Third, Plaintiffs allege that Defendants created another Instagram account, "miamisxcenter," for Defendant Luxe, and have transferred misleading content from their "LuxeFootSurgery" Instagram account to the "miamisxcenter" Instagram account to avoid

---

[1] Defendants Response refers to Defendants Cesar, Abiel, Alain, Leticia, A&D Creative, Luxe, Daryl, and Diony as the "A&D Parties."

violating the Injunction. (ECF No. 42 at 3); *see also* (ECF No. 42-2). Plaintiffs provide evidence that Defendants did indeed create another Instagram account for Defendant Luxe by attaching an image of a cell phone to their Motion, which displays the Instagram profile page for the "miamisxcenter" Instagram account (ECF No. 42-2).

Notwithstanding this evidence that Defendants created a new Instagram account, Plaintiffs do not provide additional evidence as to what misleading content is present on the "miamisxcenter" Instagram. Plaintiffs do not point to any of the images shown to establish that the content shown was taken from Plaintiffs. By failing to demonstrate what misleading content was transferred to the "miamisxcenter" Instagram account, Plaintiffs fail to meet their evidentiary burden. Merely alleging that Defendants have transferred misleading content, without providing any evidence aside from a standalone image of the Instagram account on a cell phone, falls significantly short of proving, by clear and convincing evidence, that Defendants violated the Injunction on this issue.

Fourth, Plaintiffs allege that Susana Sanchez deleted and destroyed relevant evidence. Sanchez, who is a third-party and the girlfriend of Defendant Cesar Garcia, is alleged to have deleted material that she created from a shared Google Drive that was created during her employment by Plaintiffs to create graphic design templates for marketing and advertising efforts. Plaintiffs allege that Sanchez created the content that was deleted. Plaintiffs allege that because Sanchez created the materials, and because Sanchez is the girlfriend of Defendant Cesar Garcia, that there is enough evidence to support a finding that Defendants violated the injunction. However, these allegations are not substantiated by any additional evidence; attorney Gordon's Declaration—again, the only testimony advanced to support Plaintiffs' Motion—makes no mention of Sanchez.

By contrast, Sanchez provided sworn testimony that she has not deleted any materials on the drive to destroy or hide any evidence at the direction of any Defendant, but rather, after the material was turned over to JAWS she deleted content to free up space on the drive. (ECF No. 54 at 8); *see* (ECF No. 54-8 ¶¶ 5–6). Her testimony is unrebutted, and there is no evidence to support Plaintiffs' allegation of a violation of the Injunction on this issue.

Fifth, Plaintiffs allege that Defendant Luxe's website fails to comply with the Injunction by not making clear that no surgeries are performed at Defendant Luxe's facility, and that Defendants have not provided Plaintiffs with proper licensure to demonstrate Defendants' ability to carry out surgeries at the facility. Through attorney Gordon's Declaration, Plaintiffs attest that as of October 16, 2022, Defendants' Luxe website (www.luxefootsurgery.com) did not make clear that no surgeries were performed at Defendant's Luxe facility, and that no proof of licensure was provided to certify that surgeries could be performed at Defendants' Luxe facility.

Defendants respond and explain that Plaintiffs' allegations are unfounded because minor "Level I" procedures, involving the use of local or topical anesthesia, can be performed at the Luxe facility. (ECF Nos. 54 at 8–9, 54-1 at 4 ¶ 6, 54-9). Defendants further aver that Plaintiffs' office and Luxe's office have the same licensure status, so Defendants can indeed mention certain procedures that Plaintiffs say Defendants cannot. (ECF No. 54 at 9). Plaintiffs filed no reply and Defendants' evidence is unrebutted. On this record, I do not find clear and convincing evidence supports Plaintiffs' accusation that Defendants' website is operating in violation of the Injunction.

Sixth, Plaintiffs allege that Defendants have failed to remove all of the Google Reviews made by individuals regarding surgeries carried out by Defendant Luxe, thus violating the Injunction. Through the declaration of Plaintiff's counsel, Jennifer Gordon, Plaintiffs attest that

as of October 16, 2022, there were still "at least five public Google Reviews stating that patients have had surgeries at the Luxe facilities at least one month ago." (ECF No. 42-1 at 2).

In response, Defendants attest through the sworn statement of Abiel Delgado that Defendants have undertaken their best efforts to remove all of Luxe's Google Reviews, which is all that is required. (ECF No. 54-1 at 4 ¶ 7). Citing to the Injunction, Defendants provide evidence that they are not required to remove all of the online reviews; rather, they are required to "[u]se best efforts to remove all online reviews, ratings or testimonials stating any misleading or false information . . . ." (ECF No. 34 at 6). Delgado attests that Defendants have used their best efforts to remove most of the Google Review, aside from a handful of Google Reviews that Defendants cannot remove because they are unable to locate the individuals who posted the reviews. (*Id.*).

The language of the Injunction clearly states that the requirement that Defendants remove the online reviews is not absolute; rather, Defendants must only use their best efforts. (ECF No. 34 at 6). Plaintiffs do not provide evidence rebutting Defendants' efforts to remove the online reviews, and there is no evidence on the record that suggests otherwise. Without any additional evidentiary support, Plaintiffs fail to meet their burden, and thus, the Court does not find that Defendants violated the Injunction on this issue.

Lastly, Plaintiffs allege that Defendants have failed to turn over easily procured and transmitted electronic information and/or the correction or addition of easily modifiable internet content. Plaintiffs attest through the sworn statement of Jennifer Gordon that Defendants have yet to turn over all formal records and reports generated by Google "for all accounts and ad campaigns owned by and/or run or operated for the benefit of Plaintiffs (i.e., the Google Ad ledgers, advertising spend amounts, payment receipts and invoices)." (ECF No. 42-1 at 2). Attorney Gordon's Declaration further attests that "of the unverified and piecemeal information

provided by Defendants as to this provision, the documents have been altered to remove identifying information." (*Id.* at 2 ¶ 5). Plaintiffs did not provide examples of the documents for the Court to assess the alterations at issue.

In response, Defendants claim to have turned over all Google records and reports that Defendants are aware of, or appear in the Google Ad account, and contend that these reports have not been altered. Through though sworn statement of Abiel Delgado, Defendants attest that Defendants have exported and have provided Plaintiffs all of the reports that Defendants were aware of that appeared in the Google Ad account. (ECF No. 54-1 ¶ 8).

Considering Defendants' response, attorney Gordon's Declaration alone is not "clear and convincing" evidence that the documents provided to Plaintiffs have been altered. (*Id.*). Accordingly, the Court finds that Plaintiffs' fail to meet their evidentiary burden, and thus, Defendants did not violate the Injunction on this issue.

Considering all of Plaintiffs' allegations, the Court finds that Plaintiffs have failed to satisfy their burden of establishing by clear and convincing evidence that Defendants violated the Injunction; it has not been established that Defendants engaged in the alleged content, or skirted any court-ordered obligations.

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiffs' Motion be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District

Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

  **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 23rd day of November, 2022.

                               _____
                               LAUREN F. LOUIS
                               UNITED STATES MAGISTRATE JUDGE

cc:  Honorable K. Michael Moore