UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22482-KMM

JAWS PODIATRY, INC., *et al.*,

    Plaintiffs,

v.

CESAR MANUEL GARCIA NAVAS
a/k/a CESAR GARCIA, *et al.*,

    Defendants.
_____/

# ORDER

THIS CAUSE came before the Court upon Plaintiffs' Verified Motion to Enforce Injunction, For Contempt, and for Sanctions. ("Mot.") (ECF No. 42). Defendants filed a response to the Motion on November 1, 2022, ("Resp.") (ECF No. 54). Plaintiffs did not file a Reply. The matter was referred to the Honorable Lauren F. Louis, United States Magistrate Judge. (ECF No. 44). On November 23, 2022, Magistrate Judge Louis issued a Report and Recommendation ("R&R") (ECF No. 64), recommending that the Motion be DENIED. *Id.* at 9. Plaintiffs timely filed objections to the R&R ("Obj.") (ECF No. 66), and Defendants filed a response to those objections, ("Obj. Resp.") (ECF No. 67). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

    **I.    LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific

objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## II.     DISCUSSION

Plaintiffs ask this Court to hold Defendants in civil contempt for several perceived violations of the Parties' stipulated Injunction, (the "Injunction") (ECF No. 34), as well as for sanctions against Defendants. *See generally* Mot. To prove their accusations, Plaintiffs attach two pieces of evidence: a declaration by Plaintiff's attorney Jennifer Gordon, ("Gordon Aff.") (ECF

No. 42-1), and an image of an Instagram account cover, (ECF No. 42-2).  Defendants generally aver that Plaintiff's claims are meritless and unsupported by evidence.  *See generally* Resp.

In the R&R, Magistrate Judge Louis recommends that the Court deny Plaintiffs' Motion because, as a whole, Plaintiffs lack clear and convincing evidence demonstrating that: (1) Defendants deleted emails and emptied folders before turning over email accounts to Plaintiffs, *see* R&R at 4; (2) Defendants attempted to remotely access those email accounts from Orlando, Florida after providing their login information to Plaintiffs, *id.* at 5; (3) Defendants created another Instagram account ("miamisxcenter") for Defendant Luxe and have transferred misleading content from their "LuxeFootSurgery" Instagram account to the "miamisxcenter" in order to avoid the Injunction's prohibitions, *id.* at 5–6; (4) Susana Sanchez—Defendant Cesar Garcia's girlfriend—deleted material from a shared Google Drive, *id.* at 6; (5) Defendant Luxe's website fails to comply with the Injunction by not clarifying that no surgeries are performed at its facility, *id.* at 7; (6) Defendants have failed to engage in "best efforts" to remove certain misleading or false google reviews on Defendant Luxe's website, *see id.* at 7–8; and (7) Defendants have failed to turn over certain electronic information, *id.* at 8–9.  After a *de novo* review of the record, this Court agrees.

Plaintiffs state two principal objections to Magistrate Judge Louis's R&R.  First, Plaintiffs argue that they were deprived of their "right to an evidentiary hearing on the questions of fact presented."  Obj. at 2.  Second, Plaintiffs argue there exist "plain violations of the [Injunction]" which merit the relief they sought in their Motion.  *Id.* at 6.  The Court considers these objections in reverse order.[1]

---

[1] Plaintiffs lodge a general, catch-all objection that there are still "questions of fact" for this Court to consider.  Obj. at 4.  Yet Plaintiffs attach no new exhibits or factual information and provide only one new substantive legal proposition in their Objections.  *See generally* Obj. at 4–6.  On this basis, Plaintiffs' filing seems to imply that the Court must reconsider *de novo* every factual argument put before Magistrate Judge Louis.  *See* Obj. at 3 ("[T]he Court 'must determine de novo

1. *Plain Violations of the Injunction*

Plaintiffs once again argue that Defendants have "violated the plain language of the [Injunction]" by "mak[ing] explicit references to Defendant Luxe's reputation in the cosmetic surgery industry," therefore permitting "false, misleading to the public, and violati[ve]" representations on their website. Obj. at 6. This objection raises the same argument presented to Magistrate Judge Louis in the Motion—namely, that "no surgeries are performed at the Luxe facility, and no proof of licensure has been provided by Defendants to demonstrate that surgeries may be performed [there]." *See* Gordon Aff. at 1–2. Yet in her R&R, Magistrate Judge Louis adequately credited Defendants' *unrebutted* argument that "'Level I' procedures . . . can be performed at the Luxe facility." *See* R&R at 7. Plaintiffs' objection provides no additional case law or evidentiary support to bolster their position. *See* Obj. at 6. Thus, Plaintiffs' objection is a "rehashing of the same arguments" and does not merit reconsideration simply because Plaintiffs disagree with the Magistrate Judge conclusions. *Marlite, Inc.*, 2012 WL 3614212, at *2.

2. *Plaintiffs' Right to an Evidentiary Hearing*

Plaintiffs argue they were deprived of their "right" to an evidentiary hearing where the Magistrate Judge denied their contempt arguments on the papers alone. *See* Mot. at 3–6. Here, Plaintiffs properly cite *Mercer v. Mitchell*, 908 F.2d 763 (11th Cir. 1990), for the proposition that, "when there are no disputed factual matters that require an evidentiary hearing, the court might properly dispense with the hearing prior to finding the defendant in contempt and sanctioning

---

any part of the magistrate judge's disposition that has been properly objected to.'" (citing Fed. R. Civ. P. 72(b)(3))). Plaintiffs' filing reveals a misunderstanding of Rule 72's use of the term 'properly,' which refers to objections that are not "a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *See Marlite, Inc.*, 2012 WL 3614212, at *2. This is also true where Plaintiffs merely disagree with the Magistrate Judge's conclusions. *Melillo*, 2018 WL 4258355, at *1. As such, the Court will not reconsider every factual contention where Plaintiffs have not properly objected with new or unheard arguments.

4

him." *See id.* at 769 n.11 (emphasis added). Yet as the quote above evinces, *Mercer* safeguards the due process rights of a party *accused* of contempt, not the party making the accusation. *See id.* at 768–770. Plaintiffs do not cite any case standing for the proposition that a hearing is necessary to safeguard a contempt *movant*'s due process rights. *See generally* Obj. But even construing *Mercer* that way, Magistrate Judge Louis still properly dispensed with a hearing upon finding there were no genuine factual disputes to resolve. *See generally* R&R. The sum total of Plaintiffs' proffered evidence in support of their Motion was a single photograph of the cover of an Instagram profile, *see* (ECF No. 42-2),[2] and a two-page affidavit from Plaintiffs' attorney Jennifer Gordon—predictably stating that Defendants had violated the Injunction. *See* (ECF No. 42-1). Further, Plaintiffs admit that Gordon "was not scheduled to attend the hearing" when it was originally set by Magistrate Judge Louis. *See* (ECF No. 58) at 2. Thus, Plaintiffs' insistence that a hearing would have changed the result belies a fundamental misunderstanding of their "clear and convincing" evidentiary burden, particularly where it is doubtful that the evidence proffered in support of Plaintiff's motion even demonstrates violations of the Injunction by a preponderance of the evidence. *See United States v. Rizzo,* 539 F.2d 458, 465 (5th Cir. 1976) ("In a civil contempt action the proof of the defendant's contempt must be 'clear and convincing', a higher standard than the 'preponderance of the evidence' standard, common in civil cases.").[3]

---

[2] Magistrate Judge Louis properly dispensed with any argument that this photograph alone meets Plaintiffs' evidentiary burden: "Plaintiffs do not provide additional evidence as to what misleading content is present on the 'miamisxcenter' Instagram. Plaintiffs do not point to any of the images shown to establish that the content shown was taken from Plaintiffs . . . Merely alleging that Defendants have transferred misleading content, without providing any evidence aside from a standalone image of the Instagram account on a cell phone, falls significantly short of proving, by clear and convincing evidence, that Defendants violated the Injunction." R&R at 6.

[3] Fifth Circuit decisions rendered before October 1, 1981 are adopted by the Eleventh Circuit as binding precedent. *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

As an aside, it is curious that Plaintiffs now claim the would-be hearing was a linchpin of their Motion, yet Plaintiffs did not request a hearing in the Motion itself, and when Magistrate Judge Louis explained there was "no need for an evidentiary hearing" because "Plaintiffs will not present live testimony," Plaintiffs failed to object or move for reconsideration. *See* Mot.; (ECF No. 61).[4] In sum, Plaintiffs have both failed to meet their evidentiary burden and to state any proper objections for this Court to consider when passing upon Magistrate Judge Louis's R&R. The Court therefore denies the relief sought.

### III.  CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 64) is ADOPTED, and Plaintiffs' Motion (ECF No. 42) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of December, 2022.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

---

[4] *C.f. Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty. Fla.*, No. 20-21084-CIV, 2020 WL 7711641, at *1 (S.D. Fla. Dec. 29, 2020) ("[Plaintiff's] primary complaint is that [the magistrate judge] erred by not holding an evidentiary hearing to determine contested factual issues central to the parties' disputes. But [Plaintiff] failed to raise this argument in either its motion or reply, before [the magistrate judge]. The Court declines to consider [Plaintiff's] position here, when it was not presented to the magistrate judge in the first instance. To allow [Plaintiff] to raise this argument for the first time now would eliminate any efficiencies gained by referring the motion to the magistrate judge in the first place." (citations omitted))